## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RHODE CARRION, ADMINISTRATRIX
OF THE ESTATE OF EFRAIN CARRION;
RHODE CARRION, INDIVIDUALLY          :

V.                                            :

CITY OF MIDDLETOWN; PATRICK
T. McMAHON; JAMES PROKOP;
WILLIAM HERTLER; ELIAS MARTZ;
CHRISTOPHER LUNDBERG; and
DOUGLAS CLARK                          :       JUNE 4, 2012

## PETITION OF REMOVAL

To:     THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

The undersigned defendants respectfully petition this Court as follows:

1.      The petitioners are defendants in a civil action, bearing a return date of June

19, 2012, commenced in the Superior Court of the State of Connecticut, Judicial District of

Middlesex at Middletown, Connecticut. Copies of the Summons and Complaint in that

action are attached hereto as Exhibit **A**.

2.      The Summons and Complaint were first served upon the undersigned

defendants on May 22, 2012. This petition is being filed pursuant to 28 U.S.C. § 1446(b)

**WILLIAMS, WALSH & O'CONNOR, LLC**
37 BROADWAY · FIRST FLOOR
NORTH HAVEN, CT 06473-2304
TEL: (203) 234-6333 • FAX: (203) 234-6330
JURIS NO. 421162

within 30 days of the receipt of service of the initial pleading; the time for filing this petition has not expired.

3.     The plaintiffs' Complaint alleges, in pertinent part, that the defendants violated the Fourth Amendment of the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

4.     Based on the foregoing, this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1446(b) because this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5.     Venue is proper pursuant to 28 U.S.C. § 1391.

6.     Pursuant to 28 U.S.C. § 1446(d), the defendants have on this date notified said Superior Court of the State of Connecticut of the filing of this petition. A copy of the Notice of Removal filed in the Superior Court is attached hereto as Exhibit **B**.

WHEREFORE, the defendants request that this action be removed from the Superior Court of the State of Connecticut Judicial District of Middlesex at Middletown and henceforth proceed in this Court.

THE DEFENDANTS,

CITY OF MIDDLETOWN; PATRICK
T. McMAHON; JAMES PROKOP;
WILLIAM HERTLER; ELIAS MARTZ;
CHRISTOPHER LUNDBERG; and
DOUGLAS CLARK


By:/s/ James G. Williams
JAMES G. WILLIAMS
Williams, Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
Telephone: 203-234-6333
Facsimile: 203-234-6330
Federal Bar No. ct01938
jwilliams@wwolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that on June 4, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

Andrew W. Krevolin, Esq.
Rogin Nassau, LLC
City Place I – 22nd Floor
185 Asylum Street
Hartford, CT 06103-3460

                                        /s/ James G. Williams
                                        James G. Williams

# EXHIBIT

# A

# SUMMONS - CIVIL

JD-CV-1 Rev. 6-11
C.G.S §§ 51-346 51-347 51-349, 51-350, 52-45a
52-48 52-259 P.B Secs 3-1 through 3-21 8-1

## STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud ct.gov

See page 2 for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| ONE COURT STREET, MIDDLETOWN 06457 | ( 860 )343-6400 | JUNE     19 , 2 012 <br> Month    Day    Year |

| ☒ Judicial District | | At *(Town in which writ is returnable) (C G S. §§ 51-346 51-349)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | G.A. Number: | MIDDLETOWN | Major: T     Minor: 90 |

### For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney. law firm or plaintiff if self-represented *(Number, street town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| ROGIN NASSAU LLC | 050793 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 256-6383 | |

| Number of Plaintiffs: 2 | Number of Defendants: 7 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: CARRION, RHODE - ADMINISTRATRIX OF THE ESTATE OF EFRAIN CARRION <br> Address: 7223 TOWN RIDGE, MIDDLETOWN, CT 06457 | P-01 |
| Additional Plaintiff | Name: CARRION, RHODE - INDIVIDUALLY <br> Address: 7223 TOWN RIDGE, MIDDLETOWN, CT 06457 | P-02 |
| First Defendant | Name: CITY OF MIDDLETOWN <br> Address: TOWN CLERK, 245 DeKOVEN DRIVE, MIDDLETOWN, CT 06457 | D-50 |
| Additional Defendant | Name: McMAHON, PATRICK T., <br> Address: 118 GROVE STREET, MIDDLETOWN, CT 06457; 24 NEWTON STREET, NORWICH, CT | D-51 |
| Additional Defendant | Name: PROKOP, JAMES <br> Address: c/o TOWN CLERK, 245 DeKOVEN DRIVE, MIDDLETOWN, CT 06457 | D-52 |
| Additional Defendant | Name: HERTLER, WILLIAM <br> Address: c/o TOWN CLERK, 245 DeKOVEN DRIVE, MIDDLETOWN, CT 06457 | D-53 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> ANDREW W. KREVOLIN | Date signed <br> 05/14/2012 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c .The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d .The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint

A TRUE COPY

**For Court Use Only**

File Date

STUART E. WOODS
STATE MARSHAL
MIDDLESEX COUNTY

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | |
|---|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 | | | |
|---|---|---|---|
| Robert D. Schaefer, 28 Cherryfield Drive, West Hartford, CT 06107 | | | |

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Date <br> 05/14/2012 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

*[Stamp, rotated: MIDDLETOWN TOWN CLERK CONN. 2012 MAY 22 AM 9:27 RECEIVED]*

# CIVIL SUMMONS
## CONTINUATION OF PARTIES
JD-CV-2 Rev 4-97

### STATE OF CONNECTICUT
### SUPERIOR COURT

FIRST NAMED PLAINTIFF (Last, First, Middle Initial)
**RHODE CARRION, ADMINISTRATRIX**

FIRST NAMED DEFENDANT (Last, First  Middle Initial)
**CITY OF MIDDLETOWN, ET AL**

| ADDITIONAL PLAINTIFFS | | |
|---|---|---|
| NAME (Last, First, Middle Initial, If Individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

| ADDITIONAL DEFENDANTS | | |
|---|---|---|
| NAME (Last, First, Middle Initial, If Individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
| MARTZ, ELIAS | c/o TOWN CLERK, 245 DeKOVEN DRIVE, MIDDLETOWN, CT 06457 | 54 |
| LUNDBERG, CHRISTOPHER | c/o TOWN CLERK, 245 DeKOVEN DRIVE, MIDDLETOWN, CT 06457 | 55 |
| CLARK, DOUGLAS | c/o TOWN CLERK, 245 DeKOVEN DRIVE, MIDDLETOWN, CT 06457 | 56 |
| | | 57 |
| | | 58 |
| | | 59 |
| | | 60 |

| | | FOR COURT USE ONLY - FILE DATE |
|---|---|---|
| | 61 | |
| | 62 | |
| | 63 | DOCKET NO. |

CIVIL SUMMONS-Continuation

RET. DATE: JUNE 19, 2012        :       SUPERIOR COURT
                                 :

RHODE CARRION, ADMINISTRATRIX
OF THE ESTATE OF EFRAIN CARRION;  :       J.D. OF MIDDLESEX
RHODE CARRION, INDIVIDUALLY    :
                                 :

VS.                             :       AT MIDDLETOWN
                                 :

CITY OF MIDDLETOWN;           ;
PATRICK T McMAHON;             :
JAMES PROKOP; WILLIAM HERTLER;  :
ELIAS MARTZ;                    :
CHRISTOPHER LUNDBERG;       ;
DOUGLAS CLARK                :       MAY 14, 2012

## COMPLAINT

### FIRST COUNT (VIOLATION OF CONSTITUTIONAL RIGHTS)
### (vs. PROKOP, HERTLER, CLARK, MARTZ and LUNDBERG, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY)

     1.    The plaintiff, Rhode Carrion, was duly appointed as the Administratrix of the

Estate of Efrain Carrion by the Probate Court for the District of Middletown on July 14, 2010 and

she brings this action in that capacity

     2.    At all relevant times herein, plaintiff's decedent, Efrain Carrion ("Efrain"), was a

resident of 7223 Town Ridge, Middletown, Connecticut (the "Carrion Apartment"), a second floor

apartment.

1

3.     At all relevant times herein, defendant City of Middletown ("Middletown"), has been a municipality within the State of Connecticut

4     Upon information and belief, at all relevant times herein, defendant Patrick T McMahon ("McMahon") was the Acting Chief of Police of the Middletown Police Department.

5.     At all relevant times herein, defendant James Prokop ("Prokop") has been a Sergeant in the Middletown Police Department.

6.     At all relevant times herein, defendant William Hertler ("Hertler") has been an Officer in the Middletown Police Department.

7.     At all relevant times herein, defendant Elias Martz ("Martz") has been an Officer in the Middletown Police Department.

8.     At all relevant times herein, defendant Christopher Lundberg ("Lundberg") has been an Officer in the Middletown Police Department.

9.     At all relevant times herein, defendant Douglas Clark ("Clark") has been an Officer in the Middletown Police Department.

10.     At all relevant times herein, defendant Middletown was the employer of defendants McMahon, Prokop, Hertler, Martz, Lundberg and Clark.

11.     On or about Monday, May 24, 2010 at approximately 7:51 PM, a relative of Efrain called the 911 emergency line to report that Efrain was having "a psychiatric melt down". She

2

added "Something's been going on for a few days, he's under the bed and he's screaming and screaming and screaming and screaming. He's having psychiatric problems . . I need an ambulance and he needs to go to the hospital "

12.    Thereafter, the Middletown Police dispatcher communicated via radio with defendants Prokop, Hertler, Clark, Martz and Lundberg (collectively the "Responding Police Defendants"), as well as other members of the Middletown Police Department, to advise them of Efrain's condition and to dispatch them to the Carrion Apartment to deal with a code 10-26 "mental case."

13.    Upon arrival at the Carrion Apartment, one or more of the Responding Police Defendants found Efrain beneath a mattress and box spring and displaying signs of mental instability/illness. While Efrain was beneath the mattress and box spring, Defendant Martz drew his so-called electronic control device manufactured by Taser International Inc. ("Taser") for potential use upon Efrain.

14.    Defendants Hertler and Martz, with the assistance of one of Efrain's relatives, were able to coax Efrain voluntarily to come out from under the bed, to roll onto his stomach, to allow a link of three sets of handcuffs to be placed on his wrists with his hands behind his back, and to walk to a chair placed near the front door of the apartment where he remained seated and calm for a period of time. Efrain was not placed under arrest at that time.

3

15. When an ambulance arrived at the Carrion apartment the Responding Police Defendants chose not to allow Efrain to walk down the stairs to the waiting ambulance but rather insisted that he remain seated and handcuffed in the chair in his apartment

16. Thereafter, Efrain began to make unusual statements such as "How many angels are in the room ..", then he slid off the chair and onto the floor, and began attempting to slide the chain link of handcuffs down under his feet.

17. Although the Responding Police Defendants, including Martz and Prokop, were aware that Efrain had not been arrested, was unarmed, was handcuffed and was suffering from mental issues, they almost simultaneously discharged their Tasers, each of which discharged a 50,000 volt shock into Efrain body through a set of prongs.

18 Less than one minute after the initial simultaneous Taser discharges ceased and while the handcuffs remained behind Efrain's body, the Defendant Clark instructed the Defendants Martz and Prokop to discharge their Tasers again Defendants Martz and Prokop almost simultaneously discharged their Tasers, again sending electroshocks into Efrain Carrion's body at the same time.

19. Subsequent to these initial Taser discharges, the Defendants Martz and Prokop continued to utilize their Tasers on Efrain. In addition, all of the Responding Police Defendants

4

beat Efrain about the body with weapons and with their hands, elbows and feet while Efrain remained lying handcuffed on the floor of his apartment.

20.     Thereafter, Efrain proceeded to slide the handcuffs down under his feet and in front of him, and proceeded to take off his shirt and remaining clothing thereby removing the Taser prongs from his torso

21.     Thereafter, Efrain was able to get to his feet, whereupon Defendant Clark released his K-9 Middletown Police attack dog ("K-9 Unit") to attack the now naked, handcuffed and unarmed Efrain. While the K-9 Unit was biting Efrain, one or more of the Responding Police Officers continued to beat Efrain about the head and body.

22.     Thereafter, Efrain, with the K-9 Unit biting his leg, was caused to roll down the stairwell and out of the apartment building, where he was again beaten and Tasered by the Responding Police Officers. Efrain then crawled approximately 20 feet into a heavy thicket of brush and briars in the wooded area adjacent to the building where the Carrion Apartment is located.

23.     While Efrain was lying in the wooded area, one or more of the Responding Police Defendants, including Defendants Martz and Prokop, used their Tasers to "drive stun" Efrain multiple times for periods as long as 24 seconds at a time and often simultaneously.

24.     While Efrain was lying in the wooded area, one of the Responding Police Officers

5

yelled to Defendant Lundberg to fire his taser weapon and the Defendant Lundberg fired the prongs of his taser weapon into Efrain's naked buttocks.

25. The Responding Police Defendants then placed Efrain in a four point hold on the ground, in the woods.

26. Thereafter, the Responding Police Defendants determined that Efrain was not breathing.

27. Emergency medical treatment was administered, but Efrain was subsequently pronounced dead at 9:13 PM on May 24, 2010.

28. An investigation determined that Defendant Martz had discharged his Taser to administer electroshock to Efrain a total of fifteen (15) separate times, for a total duration of ninety-four (94) seconds of electroshock in an approximately eight minute time frame.

29. An investigation determined that Defendant Prokop had discharged his Taser to administer electroshock to Efrain a total of seventeen (17) separate times, for a total duration of one hundred twenty-nine (129) seconds of electroshock in an approximately eight minute time frame.

30. An investigation determined that Defendant Lundberg had discharged his Taser to administer electroshock to Efrain a total of two (2) times, for a total duration of ten (10) seconds of electroshock in an approximately 15 second time frame.

6

31. The Responding Police Defendants discharged Tasers to administer electroshocks to Efrain a total of thirty-four (34) separate times, for a sum total duration of two hundred thirty-three (233) seconds of electroshock. At various times the Defendants Martz and Prokop discharged their taser weapons at the same time.

32. At all relevant times herein, each of the Responding Police Officers had actual knowledge that Efrain was experiencing psychiatric problems, and that the purpose of the Middletown Police being called to the Carrion Apartment was to assist in getting Efrain emergency medical attention.

33. As a direct and proximate result of the aforementioned conduct, Efrain suffered serious personal injuries, pain, suffering, lost earning capacity, the loss of enjoyment of life and death.

34. In the manner described above, each of the defendants Prokop, Hertler, Clark, Martz and Lundberg, individually and in their official capacities, inflicted unreasonable and excessive force upon Efrain in violation of the Fourth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

7

## SECOND COUNT (VIOLATION OF CONSTITUTIONAL RIGHTS) (vs. DEFENDANT MCMAHON AND THE CITY OF MIDDLETOWN)

1-33    Paragraphs 1-33 of the First Count are hereby incorporated as Paragraphs 1-33 of this Second Count, as if fully set forth herein.

34.    Defendant McMahon, the Acting Chief of Police, and the City of Middletown knew to a moral certainty that its police officers would be confronted with situations that involved individuals with mental illness, mental impairments, mental syndromes and/or psychological issues.

35.    Defendant McMahon and the City of Middletown knew or should have known that the interaction of police department employees with persons with mental illness, mental impairments, mental syndromes, and/or psychological issues presents the employee with difficult choices of the sort that appropriate and proper training or supervision will make less difficult and that the wrong choice by the employee will frequently cause the deprivation of a citizen's constitutional rights.

36.    Defendant McMahon and the City of Middletown were deliberately indifferent and/or grossly negligent in failing to adopt a policy regarding the interaction of police officers with individuals with mental illness, mental impairments, mental syndromes or psychological issues.

8

37.    Said deliberate indifference and/or gross negligence in failing to adopt a policy regarding the interaction of police department employees with individuals with mental illness, mental impairments, mental syndromes or psychological issues caused Efrain's injuries, losses and death as set forth above.

38.    The conduct of the Defendants McMahon and the City of Middletown as set forth herein constitute violations of the Fourth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of the United States Code.

## THIRD COUNT (CONN. GEN. STAT. § 52-557n) vs. THE CITY OF MIDDLETOWN

1-33.    Paragraphs 1-33 of the First Count are hereby incorporated as Paragraphs 1-33 of this Third Count, as if fully set forth herein.

34.    The injuries and losses and death suffered by the Plaintiff's decedent were caused by the negligence and carelessness of the Defendant City of Middletown, its employees, officers and/or agents in one or more of the following ways:

    a.    although they knew that Efrain was experiencing mental or psychiatric issues, they failed to obtain medical care for him in a timely manner;

    b.    although they knew that Efrain was experiencing mental or psychiatric issues, they failed to treat him as such;

9

c.      they failed to minimize the number and length of applications of the Taser to Efrain;

d.      they continued to apply the Taser to Efrain although they thought and/or knew it was ineffective;

e.      they failed to consider and/or ascertain if Efrain was physiologically or metabolically compromised before they administered each and every application of the Taser and/or released the K-9 Unit on Efrain;

f      they failed to consider Efrain's medical or physiological condition before they administered each and every application of the Taser and/or released the K-9 Unit on Efrain;

g.      They failed to consider if Efrain was suffering from excited delirium, severe exhaustion and/or overexertion before they administered each and every application of the Taser and/or released the K-9 on Efrain;

h.      they failed to consider how Efrain's exhibition of "super-human" strength should affect their conduct toward him;

i.      they continued to allow the K-9 Unit to attack Efrain although they thought and/or knew it was ineffective;

10

j.  they failed to adhere to their training on the use of Tasers and/or K-9s Units and/or failed to stay current with warnings issued by Taser International Inc. regarding use of Tasers;

k.  they failed to secure Efrain's handcuffed hands such that he could not bring them in front of his body.

35.  The foregoing acts and omissions were either ministerial in nature and/or subjected a foreseeable class of identifiable victims including Efrain Carrion, to a risk of imminent harm

36.  As a result of the carelessness and negligence of the City of Middletown, its employees, officers and/or agents Efrain suffered serious personal injuries, pain, suffering and death, lost earning capacity and the loss of enjoyment of life

37.  Pursuant to Section 52-557n of the Connecticut General Statutes, the Defendant, City of Middletown, is legally responsible for the injuries, losses and death suffered by Efrain

**FOURTH COUNT (NEGLIGENCE)**
**vs. PROKOP, HERTLER, CLARK, MARTZ and LUNDBERG**

1-33.  Paragraphs 1-33 of the First Count are hereby incorporated as Paragraphs 1-33 of this Fourth Count, as if fully set forth herein.

11

34. The injuries, losses and death suffered by the Plaintiff's decedent were caused by the negligence and carelessness of the Defendants Prokop, Hertler, Clark, Martz and Lundberg acting individually and in concert with each other in one or more of the following ways:

    a.    although they knew that Efrain was experiencing mental or psychiatric issues, they failed to obtain medical for him care in a timely manner;

    b.    although they knew that Efrain was experiencing mental or psychiatric issues, they failed to treat him as such;

    c    they failed to minimize the number and/or length of applications of the Taser to Efrain;

    d.    they continued to apply the Taser to Efrain, to encourage the application of the Tasers and/or failed to prevent the one or more of the applications of the Taser although they thought and/or knew it was ineffective;

    e.    they failed to consider and/or ascertain if Efrain was physiologically or metabolically compromised before they administered, and/or encouraged the administration and/or failed to prevent each and every application of the Taser and/or release of the K-9 Unit on Efrain;

12

f      they failed to consider Efrain's medical or physiological condition before they administered, encouraged or failed to prevent each and every application of the Taser and/or release of the K-9 Unit on Efrain;

g.      they failed to consider if Efrain was suffering from excited delirium, sever exhaustion and/or overexertion before they administered, encouraged or failed to prevent each and every application of the Taser and/or release of the K-9 Unit on Efrain;

h.      They failed to consider how Efrain's exhibition of "super-human" strength should affect their conduct toward him;

i.      they continued to allow the K-9 Unit to attack Efrain although they thought and/or knew it was ineffective;

j.      they failed to adhere to their training on the use of Taser and/or K-9 Units and/or failed to stay current with warnings issued by Taser International Inc. regarding use of Taser weapons;

k.      they failed to secure Efrain's handcuffed hands such that he could not bring them in front of his body.

35.     The foregoing acts and omissions were either ministerial in nature and/or subjected a foreseeable class of identifiable victims including Efrain Carrion, to a risk of imminent harm

13

36    As a result of the carelessness and negligence of the Defendants Prokop, Hertler, Clark, Martz and Lundberg, Efrain suffered serious personal injuries, pain, suffering, lost earning capacity, the loss of enjoyment of life and death.

## FIFTH COUNT (CONN. GEN. STAT. § 7-101a and 7-465) (vs THE CITY OF MIDDLETOWN)

1-36.  Paragraphs 1-36 of the Fourth Count are hereby incorporated as Paragraphs 1-36 of this Fifth Count, as if fully set forth herein.

37.    Pursuant to Section 7-465 and 7-101a of the Connecticut General Statutes, the Plaintiff claims indemnity from the Defendant, City of Middletown, for the carelessness and negligence of the defendant municipal employees McMahon, Prokop, Hertler, Clark, Martz and Lundberg

38.    On or about August 13, 2010, the plaintiff, through her attorney, sent a Notice to the Clerk of Middletown, informing Middletown of her intention to make a claim for damages as a result of the aforementioned incident. A copy of said Notice is attached hereto as Exhibit A.

## SIXTH COUNT (VIOLATION OF CONSTITUTIONAL RIGHTS) (RHODE CARRION INDIVIDUALLY vs. PROKOP, HERTLER, CLARK, MARTZ and LUNDBERG, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY)

1    At all relevant times herein Rhode Carrion was the wife of Efrain Carrion.

14

2-34. Paragraphs 2-34 of the First Count are hereby incorporated as Paragraphs 2-34 of this Sixth Count, as if fully set forth herein.

35. The plaintiff Rhode Carrion has suffered and will continue to suffer loss of consortium, affection and service from Efrain Carrion as a result of the foregoing.

## SEVENTH COUNT (VIOLATION OF CONSTITUTIONAL RIGHTS)
## (RHODE CARRION INDIVIDUALLY vs. DEFENDANT MCMAHON AND THE CITY OF MIDDLETOWN)

1    At all relevant times herein Rhode Carrion was the wife of Efrain Carrion

2-38. Paragraphs 2-38 of the Second Count are hereby incorporated as Paragraphs 2-38 of this Seventh Count, as if fully set forth herein.

39. The plaintiff Rhode Carrion has suffered and will continue to suffer loss of consortium, affection and service from Efrain Carrion as a result of the foregoing.

## EIGHTH COUNT (CONN. GEN. STAT. § 52-557n)
## (RHODE CARRION INDIVIDUALLY vs. THE CITY OF MIDDLETOWN)

1.    At all relevant times herein Rhode Carrion was the wife of Efrain Carrion

2-36. Paragraphs 2-36 of the Third Count are hereby incorporated as Paragraphs 2-36 of this Third Count, as if fully set forth herein.

37. The plaintiff Rhode Carrion has suffered and will continue to suffer loss of consortium, affection and service from Efrain Carrion as a result of the foregoing.

15

38.     Pursuant to Section 52-557n of the Connecticut General Statutes, the Defendant, City of Middletown, is legally responsible for the losses suffered by Rhode Carrion

## NINTH COUNT (NEGLIGENCE)
## (RHODE CARRION, INDIVIDUALLY vs. PROKOP, HERTLER, CLARK, MARTZ and LUNDBERG)

1.     At all relevant times herein Rhode Carrion was the wife of Efrain Carrion

2-36.     Paragraphs 2-36 of the Fourth Count are hereby incorporated as Paragraphs 2-36 of this Ninth Count, as if fully set forth herein.

37. The plaintiff Rhode Carrion has suffered and will continue to suffer loss of consortium, affection and service from Efrain Carrion as a result of the foregoing.

## TENTH COUNT (CONN. GEN. STAT. § 7-101a and 7-465)
## (RHODE CARRION, INDIVIDUALLY vs. THE CITY OF MIDDLETOWN)

1.     At all relevant times herein Rhode Carrion was the wife of Efrain Carrion

2-36.     Paragraphs 2-36 of the Fifth Count are hereby incorporated as Paragraphs 2-36 of this Fifth Count, as if fully set forth herein:

37 The plaintiff Rhode Carrion has suffered and will continue to suffer loss of consortium, affection and service from Efrain Carrion as a result of the foregoing.

38.     Pursuant to Section 7-465 and 7-101a of the Connecticut General Statutes, the Plaintiff claims indemnity from the Defendant, City of Middletown, for the carelessness and

16

negligence of the defendant municipal employees McMahon, Prokop, Hertler, Clark, Martz and Lundberg

     39.    On or about August 13, 2010, the plaintiff, through her attorney, sent a Notice to the Clerk of Middletown, informing Middletown of her intention to make a claim for damages as a result of the aforementioned incident. A copy of said Notice is attached hereto as Exhibit A.

17

**WHEREFORE,** the Plaintiff requests judgment against the Defendants as follows:

    a.    Compensatory damages;

    b.    Punitive damages;

    d.    Attorney's fees and costs pursuant to 42 U S.C. § 1988;

    e.    Such other relief as the Court deems equitable.

THE PLAINTIFFS,
RHODE CARRION, ADMINISTRATRIX
ESTATE OF EFRAIN CARRION ; AND
RHODE CARRION INDIVIDUALLY

BY_____
        Andrew W. Krevolin
        Rogin Nassau LLC
        CityPlace I - 22nd Floor
        185 Asylum Street
        Hartford, CT 06103-3460
        phone (860) 256-6300
        fax (860) 278-2179
        Juris No. 50793
        AKrevolin@roginlaw.com

A TRUE COPY
ATTEST

STUART E. WOODS
STATE MARSHAL
MIDDLESEX COUNTY

18

RET. DATE: JUNE 19, 2012        :      SUPERIOR COURT

RHODE CARRION, ADMINISTRATRIX    :
ESTATE OF EFRAIN CARRION;         :      J.D. OF MIDDLESEX
RHODE CARRION, INDIVIDUALLY

VS.                                :      AT MIDDLETOWN
                                   :
CITY OF MIDDLETOWN; PATRICK T.    :
MCMAHON; JAMES PROKOP;         :
WILLIAM HERTLER; ELIAS MARTZ     :
CHRISTOPHER LUNDBERG;         ;
DOUGLAS CLARK               :      MAY 14, 2012

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest, or property in demand is more than Fifteen Thousand ($15,000)

Dollars, exclusive of interest and costs

THE PLAINTIFFS,
RHODE CARRION, ADMINISTRATRIX
ESTATE OF EFRAIN CARRION;
RHODE CARRION, INDIVIDUALLY

BY

Andrew W. Krevolin
Rogin Nassau LLC
CityPlace I - 22nd Floor
185 Asylum Street
Hartford, CT 06103-3460
phone (860) 256-6300
fax (860) 278-2179
Juris No. 50793
AKrevolin@roginlaw.com

A TRUE COPY
ATTEST
STUART E. WOODS
STATE MARSHAL
MIDDLESEX COUNTY

# KREVOLIN & ROTH, L.L.C.

ATTORNEYS AT LAW
433 SOUTH MAIN STREET
SUITE 303
WEST HARTFORD, CONNECTICUT 06110

(860) 561-7282
FAX: (860) 561-7283

E-Mail Addresses:
StuartRoth@krclaw.net
AndrewKrevolin@krclaw.net

Paralegal:
TaraBrown@krclaw.net

CERTIFIED MAIL
August 13, 2010

Town Clerk
City of Middletown
245 DeKoven Drive & Court Street
P.O. Box 1300
Middletown, CT 06457-1300

Re:     Efrain Carrion
        Notice of Intent to Bring an Action

Dear Sir/Madam:

Pursuant to Section 7-101a of the Connecticut General Statutes, the claimant, Rhode Carrion as Administratrix of the Estate of Efrain Carrion and on her own behalf, hereby gives notice of her intention to bring an action against the City of Middletown and/or its employees for the injuries and death of Efrain Carrion which occurred on May 24, 2010.

Mr. Carrion's injuries and death, were sustained when employees, agents and/or servants of the Middletown Police Department negligently, maliciously, wantonly and/or willfully injured and killed him, when they were called to the home of Mr. Carrion at 7223 Town Ridge, Middletown, Connecticut. Said actions were in violation of Mr. Carrion's civil rights.

As a result of said incident, Efrain Carrion died and left his wife and two children.

Very truly yours,

Andrew W. Krevolin

AWK:klb

cc:     Rhode Carrion

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

8/13/10

Sent To  Town Clerk

Street, Apt. No.; or PO Box No.  City of Middletown

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

7007 1490 0003 8295 2612

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Town Clerk
City of Middletown
245 DeKoven Drive & Court St
P.O. Box 1300
Middletown, CT 06457-1300

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number (Transfer from service label)

7007 1490 0003 8295 2612

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT

# B

RETURN DATE:    June 19, 2012                    :        SUPERIOR COURT

RHODE CARRION, ADMINISTRATRIX
OF THE ESTATE OF EFRAIN CARRION;
RHODE CARRION, INDIVIDUALLY              :        J.D. OF MIDDLESEX

V.                                                          :        AT MIDDLETOWN

CITY OF MIDDLETOWN; PATRICK
T. McMAHON; JAMES PROKOP;
WILLIAM HERTLER; ELIAS MARTZ;
CHRISTOPHER LUNDBERG; and
DOUGLAS CLARK                              :        JUNE 4, 2012

### NOTICE TO STATE COURT OF REMOVAL

    To the Clerk of the Superior Court, 1 Court Street, Middletown, Connecticut.

    Notice is hereby given that this case has been removed to the United States District

Court for the District of Connecticut on June 4, 2012.  You are advised to take no further

action.

                        THE DEFENDANTS,
                        CITY OF MIDDLETOWN; PATRICK
                        T. McMAHON; JAMES PROKOP;
                        WILLIAM HERTLER; ELIAS MARTZ;
                        CHRISTOPHER LUNDBERG; and
                        DOUGLAS CLARK


                        /s/_____
                        JAMES G. WILLIAMS
                        Williams, Walsh & O'Connor, LLC

**WILLIAMS, WALSH & O'CONNOR, LLC**
37 BROADWAY - FIRST FLOOR
NORTH HAVEN, CT 06473-2304
TEL:  (203) 234-6333 • FAX: (203) 234-6330
JURIS NO. 421162

## CERTIFICATION

This is to certify that a copy of the foregoing has been forwarded to:

Andrew W. Krevolin, Esq.
Rogin Nassau, LLC
City Place I – 22nd Floor
185 Asylum Street
Hartford, CT 06103-3460

/s/_____
James G. Williams